SÁNCHEZ, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Aguadilla Denying Admission to Record of a Deed of Partition of Common Property.

No. 200.—Decided December 4, 1914.

COMMON PROPERTY—DIVISIÓN OF PROPERTY OF MINORS.—Section 229 of the Civil Code, as amended by Act No. 33 of March 9, 1911, does not apply to a division of common property in which minors are interested, such division being governed by section 413 in connection with section 1027 of the said code.

ID.—DIVISION OF PROPERTY OF MINORS REPRESENTED BY FATHER OR MOTHER—
    JUDICIAL AUTHORIZATION.—According to section 1027 of the Civil Code, which
    is made applicable to the division of common property by section 413 of the
    same code, judicial authorization is not necessary to effect a partition of
    property owned in common by minors when they are represented by their
    father or mother.

REPEAL.—Section 1027 of the Civil Code was not repealed by section 3 of the
    Act of March 9, 1911.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for the appellant.

Mr. Rafael Tirado Verrier, the registrar, appeared by
brief *pro se*.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by Silverio Sánchez Rodríguez from a
decision of the Registrar of Property of Aguadilla denying
admission to record of public deed No. 151 executed by the
said Sánchez Rodríguez and others in the town of Hatillo
on July 12, 1914, before Notary Manuel Paz Urdaz for the
partition of common property. The decision reads as fol-
lows:

"Admission of the foregoing document to record is denied because
Carmen García Abreu did not secure the authorization and approval
of the court required by section 229 of the Revised Civil Code as
amended by the Act of the Legislative Assembly of March 9, 1911,
in order to alienate the interests of her minor children, Cruz, Víctor
Manuel, María Cristina, Eduardo Fausto, Ana Amelia, and Georgina
González García, in a mortgage credit conveyed to Silverio Sánchez
Rodríguez in a property consisting of 56.99 *cuerdas* of land situated
in the ward of Latorre of Lares. In lieu thereof a cautionary notice
is entered for the legal period in favor of Silverio Sánchez Rodríguez
on page 4 of volume 39 of Lares, property No. 475, triplicate, entry
letter A. Aguadilla, September 28, 1914. (Signed) Rafael Tirado
Verrier, Registrar."

According to the said deed, Silverio Sánchez Rodríguez
purchased of Gregorio and Antonia González García each
a joint interest of one-eighth, or a total of one-fourth, of a

rural property of 135 *cuerdas* according to the title deed, but of 136.72 *cuerdas* by survey, in the wards of Carrizales and Capaez of the municipality of Hatillo; and also purchased of the said Gregorio and Antonia González García interests of $360.20⅝ which each of them had in a mortgage credit created by Juan Ríos Gavino in favor of Pedro Regalado González García on a rural property of 56.99 *cuerdas* belonging to the former in the ward of Latorre of the town of Lares, which credit originally amounted to $5,500, but had been reduced by partial payments to $2,881.65.

Each of the minors, Cruz, Víctor Manuel, María Cristina, Eduardo Fausto, Ana Amelia, and Georgina, who were represented in the execution of the deed by their mother, Carmen García, widow of Pedro Regalado González García, inherited from their paternal grandmother, María García Díaz, a joint interest of one-eighth, or a total of three-fourths, of the property situated in the municipal district of Hatillo, of which Silverio Sánchez Rodríguez, as we have stated, acquired the other one-fourth from Gregorio and Antonia González García; and the said six children of Pedro Regalado González García, together with the said Gregorio and Antonia González García, acquired common undivided interests in equal shares, by inheritance from their said father, in the mortgage credit created by Juan Ríos Gavino, which credit had been reduced then to $4,201.60 and was further reduced later to $2,881.65.

From the foregoing it results that Silverio Sánchez García is the owner of one-fourth of the Hatillo property and holds a like interest of one-fourth in the mortgage credit against Juan Ríos Gavino which is still unpaid, while the six minor children, represented by Carmen García, are the owners of the other three-fourths of the property and mortgage credit.

For the purpose of severing the joint-ownership, deed No. 151 was executed on July 12, 1914, in which the parties covenanted that Silverio Sánchez García become the abso-

lute owner of the mortgage credit amounting to $2,881.65 and of a parcel of land of 13.12 *cuerdas* which is described and segregated from the property situated in the municipal district of Hatillo, the six minor children, represented by their mother, Carmen García, becoming the owners of six parcels of land, which are also described and specified, but without any interest in the mortgage credit in which they were formerly co-owners.

Taking into consideration the foregoing facts, let us see whether section 229 of the Civil Code, amended by Act No. 33 of March 9, 1911, as contended by the respondent registrar, or sections 413 and 1027 of the same code, as contended by the appellant, is the law applicable to the case.

These sections read as follows:

"Section 229.—The exercise of the *patria potestas* does not authorize the father nor the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district court wherein the property is situate and the demonstration of the necessity and utility of the alienation or encumbrance and in conformity with the provisions of sections 80, 81 and 82 of an act relative to special legal proceedings."

"Section 413.—The rules relating to the division of inheritances shall apply to the division amongst part-owners."

"Section 1027.—If the minors should be subject to the parental authority, and are represented in the division by the father or by the mother, in a proper case, (*sic*) neither judicial intervention nor approval shall be required."

As will be seen, section 229 governs the alienation of real property and of personal property of more than $500 in value belonging to minors subject to *patria potestas,* and for such alienation requires the authorization of the court after necessity and utility therefor have been shown, while section 413 governs divisions among joint-owners of common property, providing that the rules relating to the division of inherit-

ances shall apply thereto, among which rules is that of section 1027 which provides that if the minors are represented in the division by the father or, when circumstances require, by the mother, neither the intervention nor approval of the court shall be required.

Section 229 refers specifically to the alienation of property belonging to minors, and section 413 also relates specifically to divisions among the joint-owners of common property which, according to section 399, is when the ownership of a thing or of a right belongs undividedly to different persons, each of whom, according to section 407, may demand at any time the division of the thing held in common; and, according to section 409, the division may be made by the interested parties themselves or by the arbitrators or friendly compromisors appointed by the joint-owners.

In the present case the object of deed No. 151 of July 12, 1914, is not to alienate the common and undivided interests in the said mortgage credit and rural property held in common by Silverio Sánchez Rodríguez and six minor children, represented by their mother, but to sever the common ownership. It is true that in order to sever any common ownership of property an alienation is necessary, for if an ownership in common is to be terminated it is necessary that each participant in the common ownership renounce his undivided share in the thing in common in order to acquire a fixed, concrete, and specific part thereof; but that is no reason for the application of provisions of the Civil Code which, like those of section 229, do not govern the partition of common property, this, as we have said, being governed by the special provisions established by the Legislature in Title III of Book Second of the Civil Code, sections 399 to 413.

Common ownership of property and rights exists in every inheritance, and said common ownership ceases when the participants effect a division of the property held in common, the heirs ceasing to be owners of the common and undivided property formerly belonging to them in order to ac-

quire a fixed and specific hereditary portion. If, as provided by section 1027, no judicial intervention or approval is necessary to effect a division of an inheritance in which minors are interested, when the said minors are represented by the father or, as the case may be, by the mother, neither can such intervention or approval be required for the division of common property in which minors are interested and are represented by their mother, as in the case at bar. Section 413 is clear and controlling.

Section 1027 was not repealed by section 3 of the Act of March 9, 1911, as alleged by the registrar, inasmuch as the said act refers to matters totally different from that regulated by the said section.

For the foregoing reasons the decision appealed from should be reversed.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.